IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:17-HC-02094-M

UNITED STATES OF AMERICA,

     Petitioner,

v.                                                                                    ORDER

LARRY C. VOLV,

     Respondent.

This matter comes before the court on Respondent's pro se Motions to Vacate [DE 27, 28].[1] He requests that the court (1) vacate the civil commitment order entered on August 2, 2017; (2) order that he be immediately discharged; or (3) set this matter for an evidentiary hearing. DE 27 at 1. He argues that he no longer constitutes a dangerous person subject to civil commitment under 18 U.S.C. § 4246(d). *Id.*

The court construes this as a request for a § 4247(h) discharge hearing. Section 4247(h) provides in relevant part that:

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, 4246, or 4248, or subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

---

[1] The motions filed at DE 27 and DE 28 are identical. All future citations will refer only to the filing at DE 27.

§ 4247(h).  As the statute makes clear, "[o]nly appointed counsel or respondent's legal guardian can file [a] motion for [a] discharge hearing." *United States v. Giffen*, 715 F. Supp. 3d 737, 739 (E.D.N.C. 2024); *see also United States v. Fisher*, No. 5:10-HC-02234-BR, 2017 WL 3431153, at *1 (finding that respondents may not seek a discharge hearing pro se).  Because the pending motions have not been endorsed by counsel or Respondent's legal guardian, they are improperly before the court and are, on that basis, DENIED.

The next annual evaluation by the Federal Bureau of Prisons is due on August 8, 2026.  *See* § 4247(e)(1)(B).  Upon receipt of that evaluation, the court will schedule a status conference with the parties to reconsider Respondent's continued commitment.

SO ORDERED this ___4th___ day of February, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2